329 P.2d 657

**SALT LAKE COUNTY, a Political Subdivision of the State of Utah, Plaintiff and Appellant,**

v.

**J. Marvel HUTCHINSON, Defendant and Respondent.**

No. 8795.

Supreme Court of Utah.

Sept. 16, 1958.

Frank E. Moss, Salt Lake County Atty., John L. Black, Deputy Salt Lake County Atty., Salt Lake City, for appellant.

Sherman P. Lloyd, Salt Lake City, for respondent.

PER CURIAM.

This is an appeal from a judgment denying a requested mandatory injunction to cause the removal of about eight feet of a structure erected in violation of the order of the zoning authorities.

On April 21, 1955, through counsel, defendant applied for authority to extend and enlarge his grocery store building. A hearing was had on May 19. A variance was granted only on condition that the structure be built no closer than 10 feet from the defendant's property line. On May 23, a letter to that effect was addressed to the building inspector, with a carbon copy going to defendant's attorney. Before the latter saw it, he called the county surveyor, testifying that he was told by that official that the application for variance had been granted. He called defendant and advised him of this fact, and defendant began excavating. Defendant's attorney then left town for about a week or ten days. When he returned he examined the latter and notified defendant of the 10 foot restriction, apparently stating, however, that he thought he might be able to work something out.

Construction was held up for about two months, when defendant resumed the erection of the building in violation of the variance order, extending the building about eight feet beyond the line authorized. In October, when the walls were up, but the roof was not yet placed, the building inspector discovered the violation and notified defendant thereof. Nevertheless, the defendant completed the structure.

Although some neighbors had objected at the hearing on defendant's application for variance, none did at the trial. On the contrary, some neighbors whose property adjoined the store property testified that they preferred the building as it was then constructed rather than as it would have been built under the conditional order.

Defendant asserts that this is an equity case, that he will sustain considerable dam-

age if required to lop off eight feet of his building, that no one is or will be injured by the unauthorized extension, and that he acted in good faith on advice of counsel, eliminating any lack of equity or bona fides.

The reasons assigned neither individually nor collectively could have justified an eyes-open violation of a clear and unequivocal mandate of the zoning authorities. To permit one to do so on the basis of reliance on the advice of counsel, followed by a defense that hardship would ensue if compliance with the order be required, or on the basis that it was not shown that anyone else would suffer in perpetuating the status quo, would open wide the door for indiscriminate abuse of zoning regulations by the simple device of claiming immunity therefrom on advice of counsel.

The judgment of the lower court is reversed with instructions to grant the injunction as prayed.

Under the facts here we cannot concern ourselves with the merits of the Board's order. Whether circumstances have evolved to change the complexion of the picture since the hearing of the original application is a question that could be entertained, under its grant of authority, if the Board chose to entertain it, so long as principles pertaining to the police power were recognized.